## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PASCALE JEAN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )      Case No.    **1:26-cv-05376** |
| | ) |
| THE NIELSEN COMPANY (US), LLC, | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff Pascale Jean ("Plaintiff"), by and through her attorneys, the Law Offices of Joshua D. McCann, LTD, in complaining of the Defendant The Nielsen Company (US), LLC ("Defendant"), states as follows:

## NATURE OF CASE

1. Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e), *et seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), for Defendant discriminating against her on the basis of her race, color, and gender, and then retaliating against her for her complaints of the same, during the course of her employment with Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. § 1331.

2. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

1

3. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") regarding Defendant's conduct as alleged herein (attached hereto as "Exhibit A").

4. Thereafter, the EEOC sent Plaintiff a notice of right to sue (attached hereto as "Exhibit B").

5. Plaintiff has timely filed this complaint with the United States District Court for the Northern District of Illinois within 90 days of her receipt of the notice of right to sue.

## PARTIES

6. Plaintiff is a Black, female individual with dark complexion and is currently a resident of Lansing, Illinois.

7. At all times relevant to the allegations herein, Defendant has been a foreign company organized under the laws of the State of Delaware doing business in Illinois affecting interstate commerce.

8. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under Title VII.

9. At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under Title VII.

## FACTUAL ALLEGATIONS

10. Plaintiff began her employment with Defendant on or around March 5, 2018, with her most recent position being Senior Procurement Manager.

11. At all times relevant to the allegations herein, Plaintiff met Defendant's reasonable performance expectations when such expectations were applied equally, regardless of race, color, race, or history of engaging in protected activity. Plaintiff was never placed on a performance improvement plan or formally disciplined during her employment with Defendant.

2

12. At all times relevant, Plaintiff was the only Black employee in Defendant's Procurement Department.

13. Prior to April of 2024, Plaintiff received stellar performance reviews and generated documented cost savings for Defendant in the hundreds of thousands to millions of dollars.

14. Plaintiff was the Senior Procurement Manager in the Software category. Plaintiff's counterpart was Laura Aparicio (Hispanic), the Senior Procurement Manager in the Telecom & Infrastructure category.

15. In or around April 2024, after receiving a new Chief Procurement Officer, Adnan Rizvi (male, non-Black), Plaintiff began being excluded and isolated from work related matters in favor of White and non-Black, mostly male employees.

16. Specifically, in the last 6 months of Plaintiff's employment, she was repeatedly excluded from discussions and meetings concerning the Software category, including but not limited to an in-person meeting in New York regarding Oracle and another meeting in New York regarding EIT, with Mr. Rizvi having Ms. Aparicio participate in those discussions and meetings instead, despite those meeting being outside her Ms. Aparicio's category.

17. During this time, Tony Borich (male, White) with Defendant's legal department, was inexplicably copying Ms. Aparicio on software related matters that were sent to Plaintiff, which was a new practice that developed after Mr. Rizvi came to the Procurement Department. Other employees began following suit during this time and would copy Ms. Aparicio on Software category matters.

18. Additionally, when Plaintiff would have 1:1 meetings with Mr. Rizvi, the discussions were never about any long-term goals, growth, or development. Instead, much of the discussion time would be filled with Mr. Rizvi talking about himself. When Mr. Rizvi was done talking about himself, Plaintiff would attempt to update him and what she was working on, during

which Mr. Rizvi would frequently interrupt Plaintiff and quickly advise her that he had another matter to tend to. These 1:1's were frequently rushed and uncomfortable for Plaintiff.

19. When Mr. Rizvi started in the Procurement Department, Plaintiff attempted to advise him of things that needed to be improved in the department, and offer solutions, but he never showed any interest in what Plaintiff had to say.

20. Mr. Rizvi also made it a point to not involve Plaintiff in the interview process for an analyst being hired. However, Mr. Rizvi was sure to include Ms. Aparicio and Procurement Director Krishna Kumar (male, non-Black) in those interviews. Plaintiff was not selected to do any interviews from the time that Mr. Rizvi came to the Procurement Department.

21. Plaintiff perceived that Mr. Rizvi treated her as if she were invisible, with several employees noticing this and even asking Plaintiff why Rizvi was not utilizing her expertise, and asking why he was defaulting to Ms. Aparicio instead.

22. Mr. Rizvi also allowed a toxic work environment towards Plaintiff to go unchecked, particularly in relation to interactions Mr. Borich had with Plaintiff. Mr. Borich's emails to Plaintiff were routinely unnecessarily harsh and bullying in tone. Despite Plaintiff sharing her concerns with Mr. Borich's tone with her, Mr. Rizvi did nothing to address the issue and his inaction made it clear that bullying and disrespect towards her would be tolerated.

23. Plaintiff complained about the isolation and discrimination issues she was facing with Mr. Rizvi at the helm with Lakeya Jefferson from Defendant's Diversity Equity and Inclusion Department, but nothing was done to remedy the issues.

24. Shortly thereafter, Plaintiff was selected for an irregular 2-person lay-off in the Procurement Department, while at the same time, Defendant hired a white male, Jared Schneider, for the Director Global Procurement position - a position for which Pascale was well qualified, but for which she not given the opportunity to interview, and promoted Laura Aparicio, who had less

4

procurement experience Plaintiff, to Director Global Procurement – again, a position for which Plaintiff was well qualified, but for which she not given the opportunity to interview. Plaintiff was never advised of the availability of the Director position that Mr. Schneider was hired to, nor of the position that Ms. Aparicio was promoted to.

25.     Even regarding the layoff, Plaintiff was treated differently than similarly situated non-Black individuals.  Defendant has given other employees 2 months written notice, along significant severance pay on top of that, but Plaintiff only received 2 weeks' notice (during which time she was regularly cut out of Defendant's computer system - which also was contrary to how Nielsen treated other employees), which resulted in Plaintiff having less time to look for new employment while she was still employed and receiving income, and was only offered 7 weeks' severance pay. Of course, in order for Plaintiff to receive the pittance offered to her, she needed to sign a waiver and release of all claims and agree to a 3-year non-compete clause (which she was otherwise not committed to).

26.     Moreover, Defendant terminated Plaintiff's employment near the end of the year, with the holidays coming up, making it even more difficult for her to obtain new employment.

### COUNT I
### (TITLE VII – RACE/COLOR DISCRIMINATION)

27.     Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

28.     Title VII prohibits employers from discriminating against employees based upon race or color regarding the material terms and conditions of employment.

29.     By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her race/color when it subjected her to a hostile work environment and terminated her

5

employment while, at the same time, placing two non-Black individuals in positions for which she was well qualified, but for which she was not given an opportunity to apply.

30. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

31. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible race/color discrimination.

32. Plaintiff demands to exercise her right to a jury trial of this matter.

## RELIEF REQUESTED AS TO COUNT I

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and that it:

a) Award Plaintiff equitable/injunctive relief as appropriate;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

d) Award Plaintiff punitive damages;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any other relief this Court deems just and proper.

## COUNT II
### (TITLE VII – GENDER DISCRIMINATION)

33. Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

34. Title VII prohibits employers from discriminating against employees based upon gender regarding the material terms and conditions of employment.

35. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her gender when it terminated her employment while, at the same time, hiring a male employee into a position for which she was well qualified, but for which it did not give her an opportunity to apply.

36. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

37. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible gender discrimination.

38. Plaintiff demands to exercise her right to a jury trial of this matter.

<u>**RELIEF REQUESTED AS TO COUNT II**</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:

a) Award Plaintiff equitable/injunctive relief as appropriate;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

d) Award Plaintiff punitive damages;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any other relief this Court deems just and proper.

**COUNT III**<br>**(SECTION 1981 – RACE DISCRIMINATION)**

39. Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

40. Section 1981 prohibits employers from discriminating against individuals on the

7

basis of race in the making, performing, modifying, and termination of contracts, including at-will employment contracts.

41.     By virtue of Plaintiff's and Defendant's employment relationship, an at-will employment contract was made by and between Plaintiff and Defendant.

42.     By its conduct alleged herein, Defendant discriminated against Plaintiff on the basis of her race when it subjected her to a hostile work environment and terminated her employment while, at the same time, placing two non-Black individuals in positions for which she was well qualified, but for which she was not given an opportunity to apply.

43.     As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

44.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible race discrimination.

45.     Plaintiff demands to exercise her right to a jury trial of this matter.

**PRAYER FOR RELIEF AS TO COUNT III**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count III and that it:

a)      Award Plaintiff equitable/injunctive as appropriate;

b)      Award Plaintiff the value of all actual damages proven at trial;

c)      Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

d)      Award Plaintiff punitive damages;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Award Plaintiff any other relief this Court deems just and proper.

## COUNT IV
## (TITLE VII – RETALIATION)

46.     Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

47.     Title VII prohibits employers from retaliating  against employees for engaging in activity protected by Title VII, such as complaining of race discrimination, regarding the material terms and conditions of employment.

48.     Plaintiff engaged in Title VII protected activity as alleged herein.

49.     By its conduct as alleged herein, Defendant retaliated against Plaintiff for complaining of race discrimination when it and terminated her employment while, at the same time, placing two individuals who had presumably not engaged in activity protected by Title VII in positions for which she was well qualified, but for which she was not given an opportunity to apply.

50.     As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

51.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

52.     Plaintiff demands to exercise her right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT IV

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count IV and that it:

a)      Award Plaintiff equitable/injunctive relief as appropriate;

b)      Award Plaintiff the value of all actual damages proven at trial;

c)      Award Plaintiff compensatory damages to make her whole, including but not

9

limited to lost wages and damages for emotional distress;

d)      Award Plaintiff punitive damages;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Award Plaintiff any other relief this Court deems just and proper.

## COUNT V
## (SECTION 1981 – RETALIATION)

53.      Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

54.      Courts have interpreted Section 1981 to prohibit employers from retaliating against employees for complaining about race discrimination in the workplace regarding the material terms and conditions of employment.

55.      Plaintiff complained of race discrimination as alleged herein.

56.      By its conduct as alleged herein, Defendant retaliated against Plaintiff for complaining of race discrimination when it and terminated her employment while, at the same time, placing two individuals who had presumably not complained of race discrimination in positions for which she was well qualified, but for which she was not given an opportunity to apply.

57.      As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

58.      Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

59.      Plaintiff demands to exercise her right to a jury trial of this matter.

## RELIEF REQUESTED AS TO COUNT V

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor

10

and against Defendant on Count V and that it:

a)      Award Plaintiff equitable/injunctive relief as appropriate;

b)      Award Plaintiff the value of all actual damages proven at trial;

c)      Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

d)      Award Plaintiff punitive damages;

e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

f)      Award Plaintiff any other relief this Court deems just and proper.

**PASCALE JEAN**

BY:**/s/ Lquj wc'F0O eEcpp**
Joshua D. McCann
Trial Attorney

Joshua D. Mccann (ARDC No. 6294730)
Law Offices of Joshua D. McCann, LTD
3030 Warrenville Road, Suite 450-42
Lisle, Illinois 60532
(847) 450-1103 | (847) 895-0626
Jdmccann@chicagolegalcounsel.com
Msmithlaw123@gmail.com

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PASCALE JEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   **1:26-cv-05376** |
| | ) | |
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | 440-2025-01728 |
| ☒ EEOC | |

| | and EEOC |
|---|---|
| *State or local Agency, if any* | S.S. No. |

| NAME*(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Pascale Jean | ▮▮▮▮▮ |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮ | | ▮▮▮ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Nielsen Holdings | 20+ | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 675 6th Avenue, New York, New York 10010 | | |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☒ COLOR ☒ SEX ☐ RELIGION ☐ AGE | EARLIEST (ADEA/EPA)  LATEST (ALL) |
| ☒ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER *(Specify)* | 09/26/2024    11/20/2024 |
| | ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the Respondent on March 5, 2018. My most recent position was Senior Procurement Manager. I was treated differently in terms and conditions of employment due to my race (African-American), my color (black) and my sex (female). Further, after complaining, I was denied a promotional opportunity and was terminated and then replaced by a male (Caucasian).

I believe that I have been discriminated based on my race, color and sex, in violation of Title VII of the Civil Rights Act of 1964 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| Date 02/15/2025    *Charging Party (Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (Test 10/94)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PASCALE JEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.     1:26-cv-05376 |
| | ) | |
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

# EXHIBIT B

13

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website:  www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/12/2026

**To:** Ms. Pascale Jean

████████████████████████████
████████████████

Charge No: 440-2025-01728

EEOC Representative and email:    GRZEGORZ MUCHA
INVESTIGATOR
GRZEGORZ.MUCHA@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2025-01728.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
02/12/2026
Amrith Kaur Aakre
District Director

**Cc:**
Shannon Miller
35 W Wacker Dr
Chicago, IL 60601

Mike Hendershot
Nielsen
501 Brooker Creek Blvd
Oldsmar, FL 34677

Cardelle Spangler
Winston & Strawn LLP
35 W Wacker Dr
Chicago, IL 60601

NA NA
675 6TH AVE
NEW YORK, NY 10010

Michael T Smith
Law Offices of Michael T. Smith
3030 Warrenville Road, Suite 450-42
Lisle, IL 60532


Please retain this Notice for your records.