**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PASCALE JEAN,<br><br>Plaintiff,<br><br>v.<br><br>THE NIELSEN COMPANY (US), LLC,<br><br>Defendant. | Case No. 1:26-cv-05376<br><br>Hon. Judge Lindsay C. Jenkins |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant TNC (US) Holdings, Inc., incorrectly named in the Complaint as The Nielsen Company (US), LLC, ("Defendant"), by and through its counsel, hereby answers Plaintiff Pascale Jean's ("Plaintiff") Complaint (ECF No. 1) as follows:

**NATURE OF CASE**[1]

> Plaintiff, Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e), *et seq*. ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), for Defendant discriminating against her on the basis of her race, color, and gender, and then retaliating against her for her complaints of the same, during the course of her employment with Defendant.

**ANSWER**: Defendant admits that Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e), *et seq*. ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"). Except as expressly admitted, Defendant denies the allegations of the "Nature of Case" paragraph, including all allegations of wrongdoing.

[1] Defendant denies the allegations, whether express or implied, in the headings and sub-headings in the Complaint.

## JURISDICTION AND VENUE

**Paragraph 1**

> Jurisdiction of this action is conferred upon the Court by 28 U.S.C. § 1331.

**ANSWER**: Defendant admits the allegations of Paragraph 1.

**Paragraph 2**

> Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

**ANSWER**: Defendant admits that venue is appropriate in this Court regarding the claims asserted in Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 2.

**Paragraph 3**

> Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") regarding Defendant's conduct as alleged herein (attached hereto as "Exhibit A").

**ANSWER**: Defendant admits that Plaintiff filed a Charge of Discrimination against Nielsen Holdings with the Equal Employment Opportunity Commission as set forth in Exhibit A to the Complaint. Except as expressly admitted, Defendant denies the allegations of Paragraph 3.

**Paragraph 4**

> Thereafter, the EEOC sent Plaintiff a notice of right to sue (attached hereto as "Exhibit B").

**ANSWER**: Defendant admits the allegations of Paragraph 4.

**Paragraph 5**

> Plaintiff has timely filed this complaint with the United States District Court for the Northern District of Illinois within 90 days of her receipt of the notice of right to sue.

**ANSWER**: Defendant admits the allegations of Paragraph 5.

## PARTIES

**Paragraph 6**

> Plaintiff is a Black, female individual with dark complexion and is currently a resident of Lansing, Illinois.

**ANSWER**: Defendant admits that Plaintiff claims to identify as a Black, female individual. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and, therefore, denies the same.

**Paragraph 7**

> At all times relevant to the allegations herein, Defendant has been a foreign company organized under the laws of the State of Delaware doing business in Illinois affecting interstate commerce.

**ANSWER**: Defendant admits that, during Plaintiff's employment with Defendant, Defendant was incorporated in Delaware and did business in Illinois affecting interstate commerce. Except as expressly admitted, Defendant denies the allegations of Paragraph 7.

**Paragraph 8**

> At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under Title VII.

**ANSWER**: Defendant admits that, during Plaintiff's employment with Defendant, Defendant was an "employer" as defined under Title VII. Except as expressly admitted, Defendant denies the allegations of Paragraph 8.

**Paragraph 9**

> At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under Title VII.

**ANSWER**: Defendant admits that Plaintiff was an "employee" of Defendant as defined under Title VII. Except as expressly admitted, Defendant denies the allegations of Paragraph 9.

**FACTUAL ALLEGATIONS**

**Paragraph 10**

> Plaintiff began her employment with Defendant on or around March 5, 2018, with her most recent position being Senior Procurement Manager.

**ANSWER**: Defendant admits that Plaintiff began her employment with Defendant on March 5, 2018 as a Global Sourcing Manager in the Procurement Department. Answering further, Plaintiff's title was later changed to Senior Procurement Manager. Except as expressly admitted, Defendant denies the allegations of Paragraph 10.

**Paragraph 11**

> At all times relevant to the allegations herein, Plaintiff met Defendant's reasonable performance expectations when such expectations were applied equally, regardless of race, color, race, or history of engaging in protected activity. Plaintiff was never placed on a performance improvement plan or formally disciplined during her employment with Defendant.

**ANSWER**: Defendant denies the allegations of Paragraph 11, in part because Plaintiff had performance issues throughout her employment with Defendant as raised by at least seven different stakeholders and included, but were not limited to, lying to a C-suite executive of Defendant, making significant errors on major software deals (which cost Defendant millions of dollars), exhibiting poor decision-making skills, failing to understand or monitor the deals for which she was responsible, making elementary or careless mistakes that caused needless complications and

unnecessary delays, being confrontational and defensive when communicating with others, delivering poor work product, and displaying a work style that prompted others to ask to be shielded from having to work with her.

**Paragraph 12**

> At all times relevant, Plaintiff was the only Black employee in Defendant's Procurement Department.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, including whether members of Defendant's Procurement Department other than Plaintiff may have identified as Black and, therefore, denies the same.

**Paragraph 13**

> Prior to April of 2024, Plaintiff received stellar performance reviews and generated documented cost savings for Defendant in the hundreds of thousands to millions of dollars.

**ANSWER**: Defendant denies the allegations of Paragraph 13, in part because Plaintiff's performance deficiencies cost Defendant millions of dollars.

**Paragraph 14**

> Plaintiff was the Senior Procurement Manager in the Software category. Plaintiff's counterpart was Laura Aparicio (Hispanic), the Senior Procurement Manager in the Telecom & Infrastructure category.

**ANSWER**: Defendant admits that as Senior Procurement Manager, Plaintiff was responsible for managing and strategically sourcing software products. Defendant further admits that Laura Aparicio who, on information and belief, identifies as Hispanic and female, was a Senior Procurement Manager responsible for Defendant's telecommunications and infrastructure procurement. Except as expressly admitted, Defendant denies the allegations of Paragraph 14.

**Paragraph 15**

> In or around April 2024, after receiving a new Chief Procurement Officer, Adnan Rizvi (male, non-Black), Plaintiff began being excluded and isolated from work related matters in favor of White and non-Black, mostly male employees.

**ANSWER**: Defendant admits that Adnan Rizvi, who is male, assumed the role of Chief Procurement Officer on April 1, 2024. Except as expressly admitted, Defendant denies the allegations of Paragraph 15.

**Paragraph 16**

> Specifically, in the last 6 months of Plaintiff's employment, she was repeatedly excluded from discussions and meetings concerning the Software category, including but not limited to an in-person meeting in New York regarding Oracle and another meeting in New York regarding EIT, with Mr. Rizvi having Ms. Aparicio participate in those discussions and meetings instead, despite those meeting [*sic*] being outside her Ms. Aparicio's category.

**ANSWER**: Defendant denies the allegations of Paragraph 16.

**Paragraph 17**

> During this time, Tony Borich (male, White) with Defendant's legal department, was inexplicably copying Ms. Aparicio on software related matters that were sent to Plaintiff, which was a new practice that developed after Mr. Rizvi came to the Procurement Department. Other employees began following suit during this time and would copy Ms. Aparicio on Software category matters.

**ANSWER**: Defendant denies the allegations of Paragraph 17.

**Paragraph 18**

> Additionally, when Plaintiff would have 1:1 meetings with Mr. Rizvi, the discussions were never about any long-term goals, growth, or development. Instead, much of the discussion time would be filled with Mr. Rizvi talking about himself. When Mr. Rizvi was done talking about himself, Plaintiff would attempt to update him and [*sic*] what she was working on, during which Mr. Rizvi would frequently interrupt Plaintiff and quickly advise her that he had

> another matter to tend to. These 1:1's were frequently rushed and uncomfortable for Plaintiff.

**ANSWER**: Defendant denies the allegations of Paragraph 18.

**Paragraph 19**

> When Mr. Rizvi started in the Procurement Department, Plaintiff attempted to advise him of things that needed to be improved in the department, and offer solutions, but he never showed any interest in what Plaintiff had to say.

**ANSWER**: Defendant denies the allegations of Paragraph 19.

**Paragraph 20**

> Mr. Rizvi also made it a point to not involve Plaintiff in the interview process for an analyst being hired. However, Mr. Rizvi was sure to include Ms. Aparicio and Procurement Director Krishna Kumar (male, non-Black) in those interviews. Plaintiff was not selected to do any interviews from the time that Mr. Rizvi came to the Procurement Department.

**ANSWER**: Defendant denies the allegations of Paragraph 20.

**Paragraph 21**

> Plaintiff perceived that Mr. Rizvi treated her as if she were invisible, with several employees noticing this and even asking Plaintiff why Rizvi was not utilizing her expertise, and asking why he was defaulting to Ms. Aparicio instead.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, denies the same.

**Paragraph 22**

> Mr. Rizvi also allowed a toxic work environment towards Plaintiff to go unchecked, particularly in relation to interactions Mr. Borich had with Plaintiff. Mr. Borich's emails to Plaintiff were routinely unnecessarily harsh and bullying in tone. Despite Plaintiff sharing her concerns with Mr. Borich's tone with her, [*sic*] Mr. Rizvi did nothing to address the issue and his inaction made it clear that bullying and disrespect towards her would be tolerated.

**ANSWER**: Defendant denies the allegations of Paragraph 22.

**Paragraph 23**

> Plaintiff complained about the isolation and discrimination issues she was facing with Mr. Rizvi at the helm with Lakeya Jefferson from Defendant's Diversity Equity and Inclusion Department, but nothing was done to remedy the issues.

**ANSWER**: Defendant denies the allegations of Paragraph 23.

**Paragraph 24**

> Shortly thereafter, Plaintiff was selected for an irregular 2-person lay-off in the Procurement Department, while at the same time, Defendant hired a white male, Jared Schneider, for the Director Global Procurement position - a position for which Pascale was well qualified, but for which she not given the opportunity to interview, and promoted Laura Aparicio, who had less procurement experience [than] Plaintiff, to Director Global Procurement – again, a position for which Plaintiff was well qualified, but for which she not given the opportunity to interview. Plaintiff was never advised of the availability of the Director position that Mr. Schneider was hired to, nor of the position that Ms. Aparicio was promoted to.

**ANSWER**: Defendant denies the allegations of Paragraph 24, in part because Plaintiff was incapable of adequately performing in her then-current role and was manifestly unqualified for the more senior role into which Mr. Schneider was hired.

**Paragraph 25**

> Even regarding the layoff, Plaintiff was treated differently than similarly situated non-Black individuals. Defendant has given other employees 2 months written notice, along [*sic*] significant severance pay on top of that, but Plaintiff only received 2 weeks' notice (during which time she was regularly cut out of Defendant's computer system - which also was contrary to how Nielsen treated other employees), which resulted in Plaintiff having less time to look for new employment while she was still employed and receiving income, and was only offered 7 weeks' severance pay. Of course, in order for Plaintiff to receive the pittance offered to her, she needed to sign a waiver and release of all claims and agree to a 3-year non-compete clause (which she was otherwise not committed to).

**ANSWER**: Defendant denies the allegations of Paragraph 25.

**Paragraph 26**

> Moreover, Defendant terminated Plaintiff's employment near the end of the year, with the holidays coming up, making it even more difficult for her to obtain new employment.

**ANSWER**: Defendant admits that Defendant notified Plaintiff of her employment termination on September 26, 2026. Except as expressly admitted, Defendant denies the allegations of Paragraph 26.

**COUNT I**
**(TITLE VII – RACE/COLOR DISCRIMINATION)**

**Paragraph 27**

> Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

**ANSWER**: Defendant reasserts its answers to paragraphs 1 through 26 and incorporates them as if fully set forth herein.

**Paragraph 28**

> Title VII prohibits employers from discriminating against employees based upon race or color regarding the material terms and conditions of employment.

**ANSWER**: Defendant admits the allegations of Paragraph 28.

**Paragraph 29**

> By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her race/color when it subjected her to a hostile work environment and terminated her employment while, at the same time, placing two non-Black individuals in positions for which she was well qualified, but for which she was not given an opportunity to apply.

**ANSWER**: Defendant denies the allegations of Paragraph 29.

**Paragraph 30**

> As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

**ANSWER**: Defendant denies the allegations of Paragraph 30.

**Paragraph 31**

> Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible race/color discrimination.

**ANSWER**: Defendant denies the allegations of Paragraph 31.

**Paragraph 32**

> Plaintiff demands to exercise her right to a jury trial of this matter.

**ANSWER**: Defendant admits that Plaintiff demands a jury trial of this matter but denies that she is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the allegations of Paragraph 32.

**RELIEF REQUESTED AS TO COUNT I**

> WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and that it:
> a) Award Plaintiff equitable/injunctive relief as appropriate;
> b) Award Plaintiff the value of all actual damages proven at trial;
> c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;
> d) Award Plaintiff punitive damages;
> e) Award Plaintiff reasonable attorney's fees, costs and disbursements;
> f) Award Plaintiff any other relief this Court deems just and proper.

**ANSWER**: Defendant denies the allegations of the unnumbered "WHEREFORE" paragraph and further denies that Plaintiff is entitled to either the relief requested in the unnumbered "WHEREFORE" paragraph or any relief whatsoever.

**COUNT II**
**(TITLE VII – GENDER DISCRIMINATION)**

**Paragraph 33**

> Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

**ANSWER**: Defendant reasserts its answers to paragraphs 1 through 26 and incorporates them as if fully set forth herein.

**Paragraph 34**

> Title VII prohibits employers from discriminating against employees based upon gender regarding the material terms and conditions of employment.

**ANSWER**: Defendant admits the allegations of Paragraph 34.

**Paragraph 35**

> By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her gender when it terminated her employment while, at the same time, hiring a male employee into a position for which she was well qualified, but for which it did not give her an opportunity to apply.

**ANSWER**: Defendant denies the allegations of Paragraph 35.

**Paragraph 36**

> As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

**ANSWER**: Defendant denies the allegations of Paragraph 36.

**Paragraph 37**

> Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible gender discrimination.

**ANSWER**: Defendant denies the allegations of Paragraph 37.

**Paragraph 38**

Plaintiff demands to exercise her right to a jury trial of this matter.

**ANSWER**: Defendant admits that Plaintiff demands a jury trial of this matter but denies that she is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the allegations of Paragraph 38.

**RELIEF REQUESTED AS TO COUNT II**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:
a) Award Plaintiff equitable/injunctive relief as appropriate;
b) Award Plaintiff the value of all actual damages proven at trial;
c) Award Plaintiff compensatory damages to make her whole, including but not
limited to lost wages and damages for emotional distress;
d) Award Plaintiff punitive damages;
e) Award Plaintiff reasonable attorney's fees, costs and disbursements;
f) Award Plaintiff any other relief this Court deems just and proper.

**ANSWER**: Defendant denies the allegations of the unnumbered "WHEREFORE" paragraph and further denies that Plaintiff is entitled to either the relief requested in the unnumbered "WHEREFORE" paragraph or any relief whatsoever.

**COUNT III**
**(SECTION 1981 – RACE DISCRIMINATION)**

**Paragraph 39**

Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

**ANSWER**: Defendant reasserts its answers to paragraphs 1 through 26 and incorporates them as if fully set forth herein.

**Paragraph 40**

> Section 1981 prohibits employers from discriminating against individuals on the basis of race in the making, performing, modifying, and termination of contracts, including at-will employment contracts.

**ANSWER**: Defendant admits the allegations of Paragraph 40.

**Paragraph 41**

> By virtue of Plaintiff's and Defendant's employment relationship, an at-will employment contract was made by and between Plaintiff and Defendant.

**ANSWER**: Defendant admits the allegations of Paragraph 41.

**Paragraph 42**

> By its conduct alleged herein, Defendant discriminated against Plaintiff on the basis of her race when it subjected her to a hostile work environment and terminated her employment while, at the same time, placing two non-Black individuals in positions for which she was well qualified, but for which she was not given an opportunity to apply.

**ANSWER**: Defendant denies the allegations of Paragraph 42.

**Paragraph 43**

> As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

**ANSWER**: Defendant denies the allegations of Paragraph 43.

**Paragraph 44**

> Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible race discrimination.

**ANSWER**: Defendant denies the allegations of Paragraph 44.

**Paragraph 45**

> Plaintiff demands to exercise her right to a jury trial of this matter.

**ANSWER**: Defendant admits that Plaintiff demands a jury trial of this matter but denies that she is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the allegations of Paragraph 45.

**PRAYER FOR RELIEF AS TO COUNT III**

> WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count III and that it:
> a) Award Plaintiff equitable/injunctive as appropriate;
> b) Award Plaintiff the value of all actual damages proven at trial;
> c) Award Plaintiff compensatory damages to make her whole, including but not
> limited to lost wages and damages for emotional distress;
> d) Award Plaintiff punitive damages;
> e) Award Plaintiff reasonable attorney's fees, costs and disbursements;
> f) Award Plaintiff any other relief this Court deems just and proper.

**ANSWER**: Defendant denies the allegations of the unnumbered "WHEREFORE" paragraph and further denies that Plaintiff is entitled to either the relief requested in the unnumbered "WHEREFORE" paragraph or any relief whatsoever.

**COUNT IV**
**(TITLE VII – RETALIATION)**

**Paragraph 46**

> Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

**ANSWER**: Defendant reasserts its answers to paragraphs 1 through 26 and incorporates them as if fully set forth herein.

**Paragraph 47**

> Title VII prohibits employers from retaliating against employees for engaging in activity protected by Title VII, such as complaining of race discrimination, regarding the material terms and conditions of employment.

**ANSWER**: Defendant admits that Title VII prohibits employers from retaliating against employees for engaging in activity protected by Title VII. Except as expressly admitted, Defendant denies the allegations of Paragraph 47.

**Paragraph 48**

> Plaintiff engaged in Title VII protected activity as alleged herein.

**ANSWER**: Defendant denies the allegations of Paragraph 48.

**Paragraph 49**

> By its conduct as alleged herein, Defendant retaliated against Plaintiff for complaining of race discrimination when it and terminated her employment while, at the same time, placing two individuals who had presumably not engaged in activity protected by Title VII in positions for which she was well qualified, but for which she was not given an opportunity to apply.

**ANSWER**: Defendant denies the allegations of Paragraph 49.

**Paragraph 50**

> As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

**ANSWER**: Defendant denies the allegations of Paragraph 50.

**Paragraph 51**

> Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

**ANSWER**: Defendant denies the allegations of Paragraph 51.

**Paragraph 52**

> Plaintiff demands to exercise her right to a jury trial of this matter.

**ANSWER**: Defendant admits that Plaintiff demands a jury trial of this matter but denies that she is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the allegations of Paragraph 52.

**RELIEF REQUESTED AS TO COUNT IV**

> WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count IV and that it:
> a) Award Plaintiff equitable/injunctive relief as appropriate;
> b) Award Plaintiff the value of all actual damages proven at trial;
> c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;
> d) Award Plaintiff punitive damages;
> e) Award Plaintiff reasonable attorney's fees, costs and disbursements;
> f) Award Plaintiff any other relief this Court deems just and proper.

**ANSWER**: Defendant denies the allegations of the unnumbered "WHEREFORE" paragraph and further denies that Plaintiff is entitled to either the relief requested in the unnumbered "WHEREFORE" paragraph or any relief whatsoever.

**COUNT V**
**(SECTION 1981 – RETALIATION)**

**Paragraph 53**

> Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

**ANSWER**: Defendant reasserts its answers to paragraphs 1 through 26 and incorporates them as if fully set forth herein.

**Paragraph 54**

> Courts have interpreted Section 1981 to prohibit employers from retaliating against employees for complaining about race discrimination in the workplace regarding the material terms and conditions of employment.

**ANSWER**: Defendant states that Section 1981 prohibits employers from retaliating against employees for engaging in protected activity under Section 1981. Except as expressly admitted, Defendant denies the allegations of Paragraph 54.

**Paragraph 55**

> Plaintiff complained of race discrimination as alleged herein.

**ANSWER**: Defendant denies the allegations of Paragraph 55.

**Paragraph 56**

> By its conduct as alleged herein, Defendant retaliated against Plaintiff for complaining of race discrimination when it and terminated her employment while, at the same time, placing two individuals who had presumably not complained of race discrimination in positions for which she was well qualified, but for which she was not given an opportunity to apply.

**ANSWER**: Defendant denies the allegations of Paragraph 56.

**Paragraph 57**

> As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

**ANSWER**: Defendant denies the allegations of Paragraph 57.

**Paragraph 58**

> Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

**ANSWER**: Defendant denies the allegations of Paragraph 58.

**Paragraph 59**

> Plaintiff demands to exercise her right to a jury trial of this matter.

**ANSWER**: Defendant admits that Plaintiff demands a jury trial of this matter but denies that she is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the allegations of Paragraph 59.

**RELIEF REQUESTED AS TO COUNT V**

> WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count V and that it:
> a) Award Plaintiff equitable/injunctive relief as appropriate;
> b) Award Plaintiff the value of all actual damages proven at trial;
> c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;
> d) Award Plaintiff punitive damages;
> e) Award Plaintiff reasonable attorney's fees, costs and disbursements;
> f) Award Plaintiff any other relief this Court deems just and proper.

**ANSWER**: Defendant denies the allegations of the unnumbered "WHEREFORE" paragraph and further denies that Plaintiff is entitled to either the relief requested in the unnumbered "WHEREFORE" paragraph or any relief whatsoever.

**AFFIRMATIVE AND/OR ADDITIONAL DEFENSES**

Defendant hereby states the following affirmative and other defenses to Plaintiff's Complaint but does not assume the burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted. Defendant reserves the right to assert other affirmative and additional defenses and/or to otherwise supplement this Answer upon the discovery of facts or evidence rendering such action appropriate.

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, or her recoverable damages (if any, and which Defendant denies) should be reduced because she failed to take reasonable steps to mitigate her damages.

3. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to exhaust her mandatory administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, to the extent they were not filed within the applicable statutes of limitations.

5. Plaintiff's claims for punitive damages fail because Defendant did not engage in any unlawful discrimination against Plaintiff and did not take any action with malice or reckless indifference to the federally protected rights of Plaintiff.

6. Defendant's actions or omissions, if any, were justified by legitimate, non-discriminatory and non-retaliatory reasons.

7. Subject to proof through discovery, some or all Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence or by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

Dated: June 26, 2026

Respectfully Submitted,

TNC (US) HOLDINGS, INC.

By: /s/ Cardelle Spangler

Cardelle Spangler
Shannon Lemajeur Miller
WINSTON TAYLOR LLP
300 N. LaSalle Dr.
Chicago, IL 60654
(312) 558-5600
Cardelle.spangler@winstontaylor.com
Shannon.miller@winstontaylor.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of June 2026, I caused a true and correct copy of the foregoing to be filed electronically. Counsel of record for Plaintiff may access this filing through the Court's system.

*/s/ Shannon Lemajeur Miller*
Counsel for Defendant